UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAMARQUIST MCCLEE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RUBEN MARTE, ) <br> MONROE COUNTY SHERIFF'S ) <br> DEPARTMENT, ) <br> ) <br> Defendants. ) | No. 1:24-cv-00412-JPH-KMB |

### ORDER GRANTING MOTION TO FILE AMENDED COMPLAINT

Plaintiff LaMarquist McClee has filed a Motion to File an Amended Complaint. [Dkt. 25.] The motion was timely filed under the Case Management Plan on January 28, 2025. [Dkt. 21 at 2.] The Complaint and the Proposed Amended Complaint include nearly identical allegations, but the Proposed Amended Complaint seeks add claims against additional defendants. [*Compare* dkt. 1 *with* dkt. 25-1.]

The Amended Complaint alleges that Mr. McClee was attacked in his jail cell in May 2022 and was thereafter denied adequate medical care for a serious hip injury for several months. [Dkt. 25-1 at ¶¶ 8-11.] "On or about January 26, 2023," he limped into court without an assistive device. [*Id.* at ¶ 11.] Upon seeing Mr. McClee's condition, the Monroe County Circuit Judge ordered the Monroe County Sheriff's Department to provide him with proper medical care. [*Id.* at ¶ 11.] "Shortly thereafter," Mr. McClee had surgery on his hip. [*Id.* at ¶ 12.] Based on these same allegations, the original Complaint claims that Sheriff Ruben Marte and the Monroe County Sheriff's Department (collectively, "Current Defendants") violated Mr. McClee's constitutional right to medical care while incarcerated. [Dkt. 1 at ¶¶ 13-15.] The Proposed Amended Complaint

would add constitutional claims against additional Defendants Quality Correctional Care LLC, Unnamed QCC Employees, Sam Crowe, Captain Compton, Sergeant Market, and Officer Trippany (collectively, "Additional Defendants"). [*Id.* at ¶¶ 13-15.]

The Current Defendants oppose the Motion to File an Amended Complaint, arguing that the claims against the Additional Defendants are barred by the applicable statute of limitations. [Dkt. 26.] They correctly note that the statute of limitations for § 1983 claims derives from the forum state's statute of limitations for personal injury claims, which in Indiana is two years. [*Id.* at 3 (citing *Talevski v. Health and Hospital Corporation of Marion County*, 6 F.4th 713, 721-22 (7th Cir. 2021)).] They proceed to argue that the accrual date for Mr. McClee's claims is January 26, 2023, which is the date on which the Monroe County Circuit Judge allegedly ordered the Monroe County Sheriff's Department to provide him with adequate medical care. [Dkt. 26 at 4-5.] Thus, they argue, the claims against the Additional Defendants, which were filed on January 28, 2025, are two days past the statute of limitations and the Motion to File an Amended Complaint should therefore be denied as futile.

A motion to amend the complaint should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). A court may, however, deny a motion to amend the complaint if it determines that the amendment would be futile, meaning that it would not survive a motion to dismiss. *Gandhi*, 721 F.3d at 869.

In this case, the Court is not confident that the Additional Defendants would prevail on a motion to dismiss the claims against them as barred by the statute of limitations. "A motion to dismiss based on failure to comply with the statute of limitations should be granted only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Chicago Bld. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014) (cleaned

up). "In other words, the plaintiff must affirmatively plead himself out of court; the complaint must plainly reveal that the action is untimely under the governing statute of limitations." *Id.* (cleaned up).

Mr. McClee alleges a "continuing violation" of his right to medical care while incarcerated, meaning that the alleged violation was ongoing rather than occurring at a specific moment in time. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). "For continuing Eighth Amendment violations, the [statute of limitations] starts to run (that is, the cause of action accrues) from the date of the last incidence of that violation, not the first." *Id.* The Defendants assume that the accrual date for Mr. McClee's claims is January 26, 2023, but there are two issues with this assumption. First, the Amended Complaint does not allege that the judge ordered the sheriff's department to provide Mr. McClee with adequate medical care on the exact date of January 26, 2023. Instead, it alleges that the judge issued this order "*[o]n or about* January 26, 2023." [Dkt. 25-1 at ¶ 11 (emphasis added).] Second, the Court cannot say with confidence at this stage of the proceedings that the accrual date is the date of the judge's order. It is not clear from the Amended Complaint that the judge's order ended the alleged constitutional violation at the very moment that it was issued. Adversarial briefing on a future motion to dismiss or further factual development through discovery could potentially support a finding that Mr. McClee's claims accrued at some later date, such as the date that he received surgery, the date that he received an assistive device, or the date he received some other form of medical care. These factors preclude a finding at this stage that Mr. McClee's claims against the Additional Defendants are barred by the statute of limitations and therefore futile.

To be clear, the Court makes no ruling at this time about whether the claims against the Additional Defendants comply with the two-year statute of limitations or the precise date that Mr.

3

McClee's claims began to accrue. Rather, the Court merely finds that ruling on these issues at this stage in the lawsuit would be premature. The Additional Defendants are free to argue that Mr. McClee's claims are barred by the statute of limitations in a subsequent motion, such as a motion to dismiss or a motion for summary judgment, should they believe they have a good faith basis to make such an argument.

For the reasons explained above, Mr. McClee's Motion to File an Amended Complaint is **GRANTED**. Mr. McClee is **ORDERED** to refile the Proposed Amended Complaint, [dkt. 25-1], as the Amended Complaint no later than **March 7, 2025**.

**SO ORDERED**.

Date: 3/3/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email